GOLDEN VALLEY STATE
BANK, Respondent,

v.

Douglas G. ANDERSON, Defendant,

Coon Rapids Chrysler-Plymouth,
Inc., Appellant.

No. 50102.

Supreme Court of Minnesota.

Oct. 12, 1979.

Courey, Schwinn, Kodadek & Reece, Minneapolis, for appellant.

Russell, Russell & McLeod, Minneapolis, for respondent.

OPINION

PER CURIAM.

On July 15, 1976, the plaintiff bank agreed to lend Douglas G. Anderson money for the purchase of a Chrysler automobile from the defendant's automobile agency. The plaintiff prepared its draft payable to the defendant agency and the purchaser jointly, and stamped on the back of the draft the notation that the dealer agreed to apply for a certificate of title naming the bank as a first secured party. Defendant accepted the draft, prepared the title application, and failed to include a statement to the effect that the bank was to have a security interest in the automobile. Anderson fell into default on his obligation to the plaintiff, the automobile was sold to a third party and plaintiff commenced the instant action to recover the outstanding balance of the loan agreement executed between Anderson and the bank.

The trial court concluded that a contract existed between the plaintiff lender and the defendant dealer and that, as such, plaintiff was entitled to a recovery of the outstanding balance of $4,822.18 from the dealer. Defendant appeals, claiming that no contract existed between the parties and that, even if a contract did exist, plaintiff failed, upon receiving notice of the dealer's failure to file the security interest, to mitigate its damages.

Minn.Stat. § 168A.04, subd. 2 (1978), provides as follows:

If the application [for certificate of title] refers to a vehicle purchased from a dealer it shall contain the name and address of any secured party holding a se-

curity interest created or reserved at the time of the sale and the date of the security agreement and be signed by the dealer as well as the owner, and the dealer shall promptly mail or deliver the application to the department [state registrar of motor vehicles].

The clear language of the statute imposes the same duty upon the shoulders of the dealer as the lender attempted to do by formulating a clause above the endorsement section of the bank draft. The statute requires that the dealer and the owner together execute the application for the certificate of title and that the dealer promptly mail or deliver the application to the department. It would have been meaningless for the legislature to require the dealer to sign the application if it did not intend that the dealer see to it that the lien was correctly shown upon the application.

This statute is sufficient authority upon which the burden, and therefore liability, may be imposed against the defendant dealer.

Defendant also argues that, once the lender determined that its interest was not recorded on the certificate of title, it should have taken steps to minimize its loss by attempting to reclaim the property. Under the facts presented, that argument is without merit.

Affirmed.